MONIQUE OLIVIER (SBN 190385)
(monique@osclegal.com)
**OLIVIER SCHREIBER & CHAO LLP**
201 Filbert Street, Suite 201
San Francisco, California 94133
Telephone: (415) 484-0980

J. ERIK HEATH (SBN 304683)
(erik@duckworthpeters.com)
**DUCKWORTH & PETERS, LLP**
369 Pine Street, Suite 410
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

Attorneys for Plaintiff and the proposed Class

Additional attorneys on signature page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS MORALES,<br><br>    *Plaintiff*,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    *Defendant*. | **CLASS ACTION COMPLAINT**<br><br>Case No. 3:18-cv-2178<br><br>**Fair Credit Reporting Act**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

Plaintiff Lewis Morales, on behalf of himself and all others similarly situated, files this Class Action Complaint against Experian Information Solutions, Inc. ("Experian" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information as to all other matters, as follows:

## NATURE OF CLAIM

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") and the California Consumer Credit Reporting Agencies Act

(CCRAA), Cal. Civ. Code §§ 1785.1 *et seq.*, against Experian, a national consumer reporting agency. In violation of the FCRA and CCRAA, Experian compares and furnishes consumer reports that include information concerning civil judgments that: (a) the FCRA and CCRAA prohibit Experian from reporting; and (b) that have been vacated, set aside, paid, or satisfied, but are not so reported by Defendant.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Under 28 U.S.C. § 1391(b), this District is the proper venue for this action as a substantial part of the events giving rise to this action occurred in this District.

4. This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## PARTIES

5. Plaintiff LEWIS MORALES is an adult individual residing in San Francisco, California, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

6. Defendant Experian is a "person," as that term is defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j). Defendant Experian is also a "consumer reporting agency" and a "consumer credit reporting agency," as those terms are defined by 15 U.S.C. § 1681a(f), and Cal. Civ. Code § 1785.3(d), respectively. Defendant is authorized to do business in the State of California, has substantial contacts in this District, and is headquartered at 475 Anton Boulevard, Costa Mesa, California 92626.

## FACTUAL ALLEGATIONS

7. Experian is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

8. Experian sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in California.

**DUCKWORTH & PETERS, LLP**
369 Pine Street, Suite 410
San Francisco, CA 94104

9. Experian is regulated by the FCRA and the CCRAA.

10. Upon information and belief, for several years Experian has obtained information about civil judgments, tax liens and bankruptcies ("public records" information) from private businesses that it calls "vendors."

11. Experian has not retrieved actual public records from courthouses or government offices for many years.

12. The public records information that Experian receives from its vendors is not the actual court or taxing authority record. Rather, Experian receives a distilled version of those records, which does not include all the information available at the actual courthouses or government offices where the records are housed nor the most up-to-date information available.

13. Experian knows that the distilled public records information it acquires from its vendors for purposes of credit reporting contains mistakes and inaccuracies.

14. Experian thus routinely fails to report accurate information about California civil judgments, including the most up-to-date status of those judgments.

15. Experian's practices and procedures regarding the reporting of civil judgment information, specifically its failure to report the most up-to-date status of vacated, set aside, paid, or satisfied civil judgments, causes widespread harm to California consumers.

16. Experian routinely fails to remove California civil judgments from consumers' reports when those judgments have been set aside or vacated. With respect to Mr. Morales, on or about June 10, 2015, judgment was entered against Mr. Morales in favor of Unifund CCR, LLC (hereafter "Unifund") in the Superior Court of California, County of San Francisco, California, case number CGC-14-536867, and in the original amount of $7,554.46 (the "Unifund Judgment").

17. Despite entry of the Unifund Judgment against him, Mr. Morales was never properly served with the initial summons and complaint. Mr. Morales did not learn about the Unifund Judgment until February 26, 2016, when his bank account was levied by Unifund in its enforcement efforts.

18. On March 29, 2016, Mr. Morales moved to vacate and set aside the Unifund Judgment.

19. On April 27, 2016, the Superior Court of California, County of San Francisco, entered an order setting aside and vacating the Unifund Judgment.

20. Despite the order setting aside and vacating the Unifund Judgment, Experian continued to report the Unifund Judgment as due, owing, and unsatisfied to Mr. Morales' existing and potential creditors.

21. On May 10, 2017, Mr. Morales requested and received a copy of his personal credit report from Experian. The Experian credit report contained inaccurate information, including but not limited to, reporting that Mr. Morales allegedly had an outstanding civil judgment against him, in favor of Unifund, in the amount of $7,554.

22. The civil judgment information Experian included on Mr. Morales' report was woefully deficient. The Unifund Judgment had been vacated and set aside on April 27, 2016 – approximately ten months earlier.

23. Despite the Unifund Judgment being vacated and set aside in the public record, pursuant to its usual and systematic practice, Experian did not update its records to show that the judgment had become a nullity.

24. The FCRA provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The CCRAA contains an identical requirement, imposed on every "consumer credit reporting agency." Cal. Civ. Code § 1785.14(b).

25. At all times pertinent hereto, Experian's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in Section 1681e(b) of the FCRA. Upon information and belief, Experian's collecting and reporting the initial entry of civil judgment is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment had been paid, satisfied, or otherwise vacated.

26. The reporting of Mr. Morales' civil judgment by Experian was inaccurate and occurred because Experian failed to follow reasonable procedures to assure maximum possible

accuracy in the preparation of Mr. Morales' consumer report. Specifically, Experian does not follow the same automated and systematically rigorous processes to obtain all orders setting aside or vacating a judgment, satisfactions, releases, and other nullifications of civil judgments that it follows to obtain the original civil judgment information.

27. Indeed, Experian follows no procedure which assures that, every time a civil judgment in California is set aside, paid, satisfied, or vacated, the updated status is promptly obtained and reflected on the consumer's credit report, or that the judgment is removed from that consumer's credit file.

28. Instead, Experian continues to report the civil judgment balance that it originally received through its vendors. In Mr. Morales' case, Experian did not request, receive, or report any updated information as to the status of the civil judgment after April 27, 2016, despite the fact that the civil judgment had been vacated and set aside at that time.

29. At all times pertinent hereto, Experian was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Experian herein.

## **CLASS ACTION ALLEGATIONS**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

31. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class (the "Class"):

> All natural persons who: (i) had a civil judgment entered against them in the State of California, (ii) which civil judgment appeared on an Experian consumer report delivered to a third party within five years prior to the filing of this Complaint, and (iii) the State of California public record indicated that the civil judgment had been set aside, vacated, paid, or satisfied, on a date prior to the date of the Experian consumer report.

32. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

33. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not

thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

34. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the California civil judgment information it reported.

35. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

36. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

37. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court

by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### FIRST CAUSE OF ACTION
*For Defendant's Violation of the Fair Credit Reporting Act*
15 U.S.C. § 1681e(b)

38. Plaintiff individually, and on behalf of the class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

39. The above-referenced reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

40. Experian willfully failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the Class members.

41. Pursuant to 15 U.S.C. §§ 1681n and o, Experian is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

### SECOND CAUSE OF ACTION
*For Defendant's Violation of the Consumer Credit Reporting Agencies Act*
Cal. Civ. Code § 1785.14(b)

42. Plaintiff individually, and on behalf of the class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

43. The above-referenced reports are "consumer credit reports" within the meaning of Cal. Civ. Code § 1785.3(c).

44. Experian willfully failed to comply with Cal. Civ. Code § 1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the Class members.

45. Plaintiff has suffered damages as a result of Experian's violations of the CCRAA.

46. Pursuant to Cal. Civ. Code § 1785.31, Experian is liable to Plaintiff and all Class members for its failure to comply with CCRAA § 1785.14(b) in an amount equal to the sum of (1) actual damages, including court costs, loss of wages, attorney's fees and pain and suffering; (2) punitive damages of not less than $100 nor more than $5,000 per class member for each violation; (3) injunctive relief; (4) court costs and attorney's fees; and (5) any other relief that the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against Experian as follows:

1. For an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23 and appointing Plaintiff and Plaintiff's counsel to represent the Class;

2. For an award of actual, statutory, and punitive damages for Plaintiff and the Class;

3. For an award of pre-judgment and post-judgment interest as provided by law;

4. For an award of attorneys' fees and costs; and

5. For such other and further relief as this Court deems just and proper.

Dated: April 11, 2018         **DUCKWORTH & PETERS, LLP**

By: */s/ Jon Erik Heath*
J. Erik Heath (SBN 304683)
**DUCKWORTH & PETERS, LLP**
201 Filbert Street, Suite 201
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
*erik@duckworthpeters.com*

**OLIVIER SCHREIBER & CHAO LLP**
Monique Olivier
201 Filbert Street, Suite 201
San Francisco, California 94133
Telephone: (415) 484-0980
*monique@osclaw.com*

- 8 -
COMPLAINT

**FRANCIS & MAILMAN, P.C.**
James A. Francis *(pro hac vice* forthcoming)
John Soumilas *(pro hac vice* forthcoming)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
*jfrancis@consumerlawfirm.com*
*jsoumilas@consumerlawfirm.com*

**ROBERT S. SOLA, P.C.**
Robert S. Sola *(pro hac vice* forthcoming)
1500 SW First Avenue
Suite 800
Portland OR 97201
Telephone: (503) 295-6880
Facsimile:(503) 243-4546
*rssola@msn.com*

*Attorneys for Plaintiff and the Proposed Class*

**DUCKWORTH & PETERS, LLP**
369 Pine Street, Suite 410
San Francisco, CA 94104

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated: April 11, 2018        **DUCKWORTH & PETERS, LLP**

By:   */s/ Jon Erik Heath*
      J. Erik Heath
      Attorney for Plaintiff